## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FELIPE RALON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAMDEN COUNTY JAIL,<br><br>　　　　　Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-06684 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Felipe Ralon, Plaintiff Pro Se
423 Apt. A State Street
Camden, NJ 08104

**SIMANDLE, Chief District Judge:**

1.    Plaintiff Felipe Ralon seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ"). Complaint, Docket Entry 1.

2.    Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.    For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.    To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5.    Plaintiff presumably seeks monetary damages[1] from CCJ for allegedly unconstitutional conditions of confinement. As the CCJ is not a "state actor" within the meaning of § 1983, the claims against it must be dismissed with prejudice. *See, e.g., Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–

---

[1] Plaintiff has not stated any requested relief in the complaint.

39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

6.  Plaintiff may be able to amend the complaint to name state actors who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

7.  Plaintiff is advised that the amended complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Plaintiff has alleged no facts in the complaint. Complaint § III. He states only "back pain neck pain stomach pain." Plaintiff has not provided any factual allegations to enable the Court to infer that any constitutional violations have occurred. The complaint will therefore be dismissed without prejudice.

8.  As Plaintiff may be able to amend his complaint to address the deficiencies noted by the Court, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

9.  In the event Plaintiff files an amended complaint, he should include specific facts, such as the dates and length of his confinement, whether he was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating

or failing to remedy the conditions of confinement, and any other relevant facts regarding the conditions of confinement.

10.  Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id*. To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[2] *Id.*

11.  For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

12.  An appropriate order follows.


**February 2, 2017**                         **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                                Chief U.S. District Judge

_____

[2] The amended complaint shall be subject to screening prior to service.